# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**STACY LORRAINE BAKER,**

      **Plaintiff,**

**vs.**                                    **Civ. No. 16-902 KRS**

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security,**

      **Defendant.**


## ORDER GRANTING APPLICATION FOR ATTORNEY FEE

**THIS MATTER** is before the Court on Plaintiff's *Unopposed Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(B) and Supporting Memorandum* ("Motion") (Doc. 33), filed February 4, 2019. Plaintiff's attorney, Michael Armstrong ("Plaintiff's Counsel"), moves the Court for an order authorizing attorney fees in the amount of $7,335.00 for legal services rendered before this Court. (Doc. 33 at 1). Defendant states she has no objection to Plaintiff's Motion. Having reviewed the parties' filings, the relevant law, and otherwise being fully advised in the premises, the Court finds that Plaintiff's Motion is well-taken and that it shall be **GRANTED**.


### I. Procedural Background

Plaintiff instituted an action in this Court on August 8, 2016, seeking judicial review of Defendant's denial of her application for Social Security disability benefits. (Doc. 1). On July 25, 2017, this Court granted Plaintiff's request for relief, and remanded the case to the Commissioner for further proceedings. (Doc. 29). Plaintiff subsequently was awarded attorney

fees in the amount of $7,500.00 pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 32).

Upon remand, Defendant determined Plaintiff to be disabled, entered a fully favorable decision, and awarded Plaintiff past-due benefits. (Doc. 33-2, Exhibit A). Defendant advised Plaintiff on November 24, 2018, that $13,335.00 was being withheld from Plaintiff's total benefit amount pending an award of attorney fees pursuant to 42 U.S.C. § 406(B). (Doc. 33-2, p. 19). Plaintiff's Counsel requests that the Court authorize payment of $7,335.00 as attorney fees for legal services provided, which is well within 25 percent of total back benefits. Plaintiff will receive, as refund, the EAJA fee previously awarded by this Court in the amount of $7,500.00. **However, this amount was subject to an offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006))[1], and, consequently, $4,069.95 in EAJA fees was received.** *(Exhibit F, Dept. of Treasury Offset Notice).*

## II. Analysis

When a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of the past-due benefits. *Wrenn ex rel. Wrenn v.*

---

[1] **The Treasury Offset Program is a centralized offset program, administered by the Bureau of the Fiscal Service's Debt Management Services (DMS), to collect delinquent debts owed to federal agencies and states (including past-due child support), in accordance with 26 U.S.C. § 6402(d).**

*Astrue*, 525 F.3d 931, 933–34 (10th Cir. 2008). If fees are awarded under both the EAJA and §
406(b), the attorney must refund the lesser award to the claimant. *Id.* at 934. The court may
award fees under § 406(b) when "the court remands a . . . case for further proceedings and the
Commissioner ultimately determines that the claimant is entitled to an award of past-due
benefits." *McGraw v. Barnhart,* 450 F.3d 493, 495–96 (10th Cir. 2006).

Although § 406(b) does not prohibit contingency fee agreements, it renders them
unenforceable to the extent that they provide for fees exceeding 25 percent of the past- due
benefits. *Gisbrecht*, 535 U.S. at 807. Section 406(b) also requires the court to act as "an
independent check" to ensure that fees are reasonable even if they are less than 25 percent of
past-due benefits, because there is no presumption that 25 percent is reasonable. *Id.* at 807, n.17.
Counsel has the burden of demonstrating the reasonableness of the fees. *Id.* at 807.

The reasonableness determination is "based on the character of the representation and the
results the representative achieved." *Id.* at 808. Factors relevant to the reasonableness of the fee
request include: (i) whether the attorney's representation was substandard; (ii) whether the
attorney was responsible for any delay in the resolution of the case; and (iii) whether the
contingency fee is disproportionately large in comparison to the amount of time spent on the
case. *Id.* A court may require the claimant's attorney to submit a record of the hours spent
representing the claimant and a statement of the lawyer's normal hourly billing rate for non-
contingency fees cases. *Id.* The statute does not specify a deadline for requesting fees. *See* 42

U.S.C. § 406(b). The Tenth Circuit, however, has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw,* 450 F.3d at 505.

In this case, the Court finds that Plaintiff's Counsel's representation of Plaintiff was more than adequate. Counsel obtained a fully favorable decision for Plaintiff, and did not delay the proceedings before this Court in any way. The instant motion was filed within one month of Plaintiff receiving notice that she was entitled to past-due benefits. (Doc. 33-2, Ex. B). The Court finds this to be a reasonable amount of time.

Moreover, the requested fee is not disproportionately large in comparison to the amount of time spent on the case, given Plaintiff's Counsel's experience working on Social Security cases. (Doc. 33-1 Affidavit). Plaintiff's Counsel documented 42.01 total attorney hours in representing Plaintiff before this Court. *Id.* Awarding counsel the requested $7,335.00 would result in an hourly fee of $174.60 for attorney work performed before this Court. Considering Plaintiff's Counsel's experience and reputation in Social Security representation, and the fact that this fee award is within the range of other fee awards authorized in this District under § 406(b), the Court finds that the fee requested is reasonable. *See, e.g.*, *Salazar v. Berryhill*, 14-283 KRS (Doc. 30) (awarding $19,442.25 for 27.42 hours, or $709.05 per hour); *Bigsby v. Colvin*, Civ. 12- 1207 CG (Doc. 31) (awarding $21,839.00 for 37.33 hours, or $585.03 per hour); *Gallegos v. Colvin*, Civ. 12-321 SMV (Doc. 32) (awarding $10,000.00 for 16.2 hours, or $617.28 per hour); *Montes v. Barnhart*, Civ. 01-578 BB/KBM (Docs. 19, 22) (awarding $10,000 for 14.25 hours, or $701.75 per hour). In addition, the Court notes that Defendant does not

oppose this Motion, and it is the duty of the Court to determine whether the fees are reasonable. (Doc. 28).

### III. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's *Unopposed Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1)(A) with Supporting Memorandum*, (Doc. 33), be **GRANTED**. Plaintiff's Counsel is awarded $7,335.00 for legal services rendered before this Court.

**IT IS FURTHER ORDERED** that Plaintiff's Counsel shall refund to Plaintiff $4,069.95, the amount awarded under EAJA which is not subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)).

_____
HONORABLE KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE